UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KARLA BRINTLEY,<br><br>Plaintiff,<br><br>v.<br><br>BELLE RIVER COMMUNITY CREDIT UNION,<br><br>Defendant. | Case No. 17-13915<br><br>SENIOR UNITED STATES DISTRICT JUDGE ARTHUR J. TARNOW<br><br>U.S. MAGISTRATE JUDGE ANTHONY P. PATTI |

_____/

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS [37]**

On July 20, 2018, the Court entered an Order [35] denying Defendant Belle River Community Credit Union's Motion to Dismiss and granting Plaintiff Karla Brintley's request for leave to amend the complaint. On August 2, 2018, Plaintiff filed an Amended Complaint [36] which alleges substantively the same claims as the original complaint. On August 16, 2018, Defendant filed this Motion to Dismiss Plaintiff's First Amended Complaint [37].

In its second Motion to Dismiss [37] presently before the Court, Defendant repeats all of the arguments it previously made in its first Motion to Dismiss. But these arguments have already been thoroughly considered – and rejected – by this

Court, as set forth in Order [35]. In actuality, this Motion to Dismiss is a motion for reconsideration of the Court's Order [35] denying Defendant's first Motion to Dismiss. Construing it as such, the Court considers Local Rule 7.1(h)(3) which provides:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

"[T]he decision to grant the motion is within the court's discretion." *In re Greektown Holdings, LLC*, 728 F.3d 567, 574 (6th Cir. 2013).

Defendant has neither demonstrated a palpable defect by which the Court has been misled nor shown that correcting the defect will result in a different disposition of this case. Defendant's citation to recent, non-binding decisions from courts outside of this District is unavailing. Defendant doesn't get a second bite at the apple here. *See United States v. One 2003 GMC Sierra 3500 Pickup Truck, VIN: 1GTJK33113F208636*, No. 05-74205, 2013 WL 27900, at *1 (E.D. Mich. Jan. 2, 2013) ("The purpose of a motion for reconsideration is not 'to give an unhappy

litigant one additional chance to sway the judge.'" (quoting *Pakideh v. Ahadi*, 99 F.Supp.2d 805, 809 (E.D. Mich. 2000))).

As the Court noted at the hearing, this case presents legal issues of first impression in this District which are suitable for immediate review by the Sixth Circuit. *See* 28 U.S.C. § 1292(b) (authorizing the district court to certify an order for interlocutory appeal where it involves a controlling question of law as to which there is substantial ground for a difference of opinion and the appeal would materially advance the ultimate termination of the litigation). To that end, the Court suggests that Defendant reevaluate its litigation strategy moving forward.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss Plaintiff's First Amended Complaint [37] is **DENIED**.

    **SO ORDERED**.

Dated: August 30, 2018

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge